IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND VARIOUS INSURANCE COMPANIES <br><br> VERSUS <br><br> BP plc, BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, BP CORPORATION NORTH AMERICA, INC., BP COMPANY NORTH AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., BP AMERICA, INC. and BP HOLDINGS NORTH AMERICA LIMITED | CIVIL ACTION NO. _____ <br><br><br> ADMIRALTY RULE 9(H) |

## COMPLAINT FOR DECLARATORY JUDGMENT

This Complaint for Declaratory Judgment is filed by Certain Underwriters at Lloyd's, London and Various Insurance Companies subscribing certain excess liability insurance policies issued to Transocean Ltd. (identified with particularity in Exhibit A and referred to collectively as the "Transocean Excess Insurers") against BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited (collectively, "BP").

### PRELIMINARY STATEMENT

1.

This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil

PD.4013851.1

Procedure to determine an actual case or controversy regarding a claim by BP for additional insured coverage under certain excess liability insurance policies issued to Transocean Ltd. and its affiliates, subsidiaries and certain related companies (collectively, "Transocean") for the period May 1, 2009 to May 1, 2010.

2.

This dispute arises out of the explosion and fire on the *Deepwater Horizon* on April 20, 2010, her subsequent sinking in the Gulf of Mexico, and the oil emanating from BP's well. At the time of the casualty, the *Deepwater Horizon* was conducting drilling activities in Mississippi Canyon Block 252 pursuant to a drilling contract between Transocean Ltd., its subsidiary, Transocean Holdings LLC, and BP America Production Company.

3.

BP has incurred and will continue to incur significant liabilities in connection with the oil spill from BP's well. These liabilities include, but are not limited to, liabilities for clean-up costs under state or federal laws and liabilities for damages to third parties (including individuals, businesses and governmental entities) whose persons or properties have been or will be impacted by the spill.

4.

BP provided or attempted to provide notice of claim to the Transocean Excess Insurers by e-mail dated May 14, 2010.

5.

The Transocean Excess Insurers are seeking a judgment declaring that they have no additional-insured obligation to BP with respect to pollution claims against BP for oil emanating from BP's well.

## PARTIES

6.

The Transocean Excess Insurers issued or severally subscribed various layers of excess liability insurance as identified on Exhibit A. The lowest layer policy attaches excess of the $50 million in limits afforded under a policy issued by Ranger Insurance Limited. The limits of liability afforded under the policies for covered claims are, in the aggregate, $700 million.

7.

Defendants are BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc. and BP Holdings North America Limited, each of which is a corporation doing business in the state of Texas within the jurisdiction of this Honorable Court and which may be served with process through their respective registered agents. One or more of these entities have been identified as parties responsible for clean-up costs and/or named as defendants in various lawsuits by third parties for damages to their persons or properties.

## JURISDICTION AND VENUE

8.

The policies issued or subscribed by the Transocean Excess Insurers cover maritime risks. The drilling contract defines the scope of the additional insured protection Transocean agreed to secure in favor of BP, and is a maritime contract providing for the use of a vessel, the *Deepwater Horizon*.

9.

This Court has subject matter jurisdiction pursuant to the General Maritime Laws of the United States and 28 U.S.C. § 1333. This Complaint is being filed in accordance with Rule 9(h) of the Federal Rules of Civil Procedure.

10.

Venue is proper in this district pursuant to 28 U.S.C. §1391 because this is a judicial district in which the defendants are subject to personal jurisdiction and because the policies of insurance were issued and delivered to Transocean in Houston, Texas.

## GENERAL ALLEGATIONS

11.

As is customary in the industry, the drilling contract requires additional insured protection in favor of certain BP entities, but such protection is limited in scope to the liabilities assumed by Transocean under the terms of the drilling contract. Therefore, reference to the drilling contract is necessary to determine the scope of the additional insured protection.

12.

Transocean's pollution-related liabilities to BP are set forth in Article 24.1 of the drilling contract, which provides that Transocean "shall assume full responsibility for and shall protect, release, defend, indemnify, and hold [BP] . . . harmless from and against any loss, damage, expense, claim, fine, penalty, demand, or liability for pollution or contamination, including control and removal thereof, <u>originating above the surface of the land or water from spills, leaks, or discharges</u> of fuels, lubricants, motor oils, pipe dope, paints, solvents, ballasts, air

emissions, bilge, garbage or any other liquid or solid whatsoever <u>in the possession and control</u> of [Transocean] . . . ." (Emphasis added).

13.

BP's pollution-related liabilities to Transocean are set forth in Article 24.2, which provides that BP "shall assume full responsibility for and shall protect, release, defend, indemnify and hold [Transocean] harmless from and against any loss, damage, expense, claim, fine, penalty, demand or liability for pollution or contamination, including control and removal thereof, arising out of or connected with operations under this contract hereunder and <u>not assumed by</u> [Transocean] in Article 24.1 above . . . ." (Emphasis added).

14.

The phrase "shall protect, release, defend, indemnify and hold harmless" used in Articles 24.1 and 24.2 is broadly defined in Article 25.1.

15.

Exhibit "C," Section 3 of the drilling contract states that BP is an additional insured under the policies issued or subscribed by the Transocean Excess Insurers only "for liabilities assumed by [Transocean] under the terms of this Contract," *i.e.*, above land/water surface pollution from substances in Transocean's possession. Because liabilities BP faces for pollution emanating from BP's well are from below the surface and from BP's well, those liabilities are not within the scope of the additional insured protection.

16.

Other terms, conditions, limitations and exclusions of the policies may preclude coverage to BP in connection with the liabilities in question.

## POLICIES

17.

The policies insuring Transocean were issued for the period May 1, 2009 to May 1, 2010. The coverage afforded under the policies is subject to certain terms, conditions, limitations and exclusions.

18.

The policies contain a Choice of Law/Jurisdiction clause which states that the "proper and exclusive law of this insurance policy shall be Texas law. Any disputes arising under or in connection with this insurance policy shall be subject to the exclusive jurisdiction of the Texas courts."

## DECLARATORY JUDGMENT

19.

The allegations contained in Paragraphs 1-18 are incorporated by reference herein.

20.

The notice of claim provided or attempted to be provided by BP on May 14, 2010 presents an actual and existing controversy between the Transocean Excess Insurers and BP with respect to the existence and scope of the obligations of the Transocean Excess Insurers, if any, in connection with BP's liabilities for the oil emanating from BP's well. The notice asserts a claim regarding "liabilities arising from the incident emanating from drilling operations of Transocean's rig Deepwater Horizon . . . ." However, the additional insured protection, as required and restricted by the drilling contract, specifically does not extend to BP's liabilities for claims relating to pollution from BP's well.

21.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, the Transocean Excess Insurers seek a judicial declaration of their rights and duties as to BP, if any, under the policies in connection with BP's pollution-related liabilities for the oil emanating from BP's well. The Court's making such a declaration will confer certainty on the parties with respect to their rights and obligations under the policies, and therefore will serve the interests of justice.

22.

The Transocean Excess Insurers seek the following declarations.

A. BP assumed full responsibility in the drilling contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.

B. The additional insured status in the drilling contract therefore does not extend to the pollution liabilities BP has incurred and will incur with respect to oil emanating from BP's well.

C. The Transocean Excess Insurers have no additional insured obligation to BP under any of the policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from BP's well.

D. BP is not entitled to coverage under any of the policies for the pollution liabilities BP has incurred and will incur with respect to the oil emanating from BP's well.

23.

The Transocean Excess Insurers plead all other conditions, terms, limitations, definitions and exclusions of those policies which may be found to be applicable as their investigation of the claim continues, and the Transocean Excess Insurers reserve the right to amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

24.

Pursuant to Chapter 38 and section 37.009 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2202, the Transocean Excess Insurers request recovery of their attorneys' fees and costs.

## PRAYER

The Transocean Excess Insurers pray for declaratory judgment in their favor confirming that BP is not afforded additional insured coverage in connection with BP's pollution-related liability for oil emanating from BP's well in connection with the explosion, fire and subsequent sinking of the *Deepwater Horizon*, and further pray for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted,

BY: _____, w/ PERMISSION OF:
George M. Gilly
Louisiana Bar No. 6234
SDTX ID No. 16885
gillyg@phelps.com
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:
**PHELPS DUNBAR LLP**
Richard N. Dicharry
Louisiana Bar No. 4929
SDTX Admission Pro Hac Vice requested
dicharrr@phelps.com

Rebecca Y. Cooper
Louisiana Bar No. 23004
SDTX Admission Pro Hac Vice requested
cooperr@phelps.com
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

and

Marc G. Matthews
Texas Bar No. 24055921
SDTX ID NO. 705809
marc.matthews@phelps.com
700 Louisiana Street, Suite 2600
Houston, Texas  77002
Telephone: 713-626-1386
Telecopier: 713-626-1388