

CLERK'S OFFICE
A TRUE COPY
Feb 10 2011
[signature]
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 FEB -8 PM 4:38

LORETTA G. WHYTE
CLERK

11-274

11-275

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | |
|---|---|
| Ranger Insurance Limited v. BP plc, et al., | ) |
| S.D. Texas, C.A. No. 4:10-2009 | ) |
| Certain Underwriters at Lloyd's London v. BP plc., et al., | ) |
| S.D. Texas, C.A. No. 4:10-1823 | ) |

MDL No. 2179

**TRANSFER ORDER**

     **Before the Panel:**[*] Defendants BP Exploration & Production, Inc.; BP America Production Co.; BP Corporation North America, Inc.; BP Company North America, Inc.; BP Products North America, Inc; and BP America, Inc. (collectively BP) have moved, pursuant to Rule 7.1, to vacate the respective portion of our order conditionally transferring these declaratory judgment insurance actions (*Ranger Insurance* and *Lloyd's London*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. The plaintiff insurers in the two actions, Transocean Offshore Deepwater Drilling Inc. (Transocean), which is the policyholder at issue, and Plaintiffs' Liaison Counsel in the MDL oppose the motion to vacate.

     Whether declaratory judgment insurance actions such as these should be transferred pursuant to 28 U.S.C. § 1407(a) poses a challenging issue for the Panel. As we recently stated in an order in MDL No. 2047, In re: Chinese-Manufactured Drywall Products Liability Litigation, we will, as a general rule, decline to transfer such actions if they appear to present "strictly legal questions . . . requir[ing] little or no discovery." MDL No. 2047, June 15, 2010, Transfer Order, at 2. Where, however, such actions require and rely on the same factual discovery as the already-centralized actions, transfer may be warranted. *See In re: Helicopter Crash Near Weaverville, California, on Aug. 5, 2008*, 626 F.Supp.2d 1355, 1356-57 (J.P.M.L. 2009) (transferring insurance coverage action for inclusion in MDL involving a helicopter crash, where the action shared factual issues with the tort actions as to who was in control of the helicopter at the time of the crash, and the same contract was at issue in all actions). Including declaratory judgment insurance actions in an MDL " will always depend on the particular facts and circumstances of the litigation." MDL No. 2047, June 15, 2010, Transfer Order, at 2.

     We conclude that the facts and circumstances of this MDL tip in favor of transfer. Unlike the situation in MDL No. 2047, the insurance policies at issue here involve coverage issues with respect to events at the core of the MDL – the April 20, 2010, explosion and fire on the Deepwater Horizon drilling rig and the ensuing oil spill. Also dissimilar to MDL No. 2047, the insureds here

---

     [*] Judge Kathryn H. Vratil took no part in the disposition of this matter.

___Fee_____
___Process_____
_x_Dktd_____
___CtRmDep_____
___Doc. No._____

- 2 -

are two of the principal defendants in the MDL: Transocean, the policy holder, and BP, which is named in the policies as an additional insured. Significantly, the plaintiff insurers support transfer of the actions to the MDL. This circumstance further differentiates this situation from that which we confronted in the Chinese drywall docket. *See id.* (describing insurers' opposition to transfer as "significant," as they typically might "benefit the most from the efficiencies of centralization").

Further weighing in favor of transfer is the presence, in the *Ranger Insurance* action, of a subrogation counterclaim raised by the so-called "Marine Package Insurers." In that counterclaim, those insurers assert that certain provisions of the Transocean-BP drilling contract, pursuant to which the Deepwater Horizon rig was conducting drilling activities (and in connection with which the subject insurance policies were issued), may be deemed breached or invalidated if BP's conduct bringing about the loss of the rig reached the level of gross negligence or intentional misconduct. This counterclaim, on its face, appears to implicate factual issues at the core of the MDL.[1]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen      W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Barbara S. Jones
Paul J. Barbadoro

---

[1] BP vigorously contends that this counterclaim fails as a matter of law. Section 1407, however, does not authorize us to make such an assessment. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case . . . .").